UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON CLARENCE EUGENE
SUMMITT,

               Petitioner,               Case No. 2:11-cv-165

v.                                                          Honorable R. Allan Edgar

JEFFREY WOODS,

               Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. <u>Factual allegations</u>

Petitioner presently is incarcerated at the Kinross Correctional Facility. Following a jury trial, Petitioner was convicted of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced by the Allegan County Circuit Court on July 15, 2008 to fifteen to thirty years' imprisonment on the assault conviction and two years' imprisonment on the felony-firearm conviction.

Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the following claims:

I. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN [PETITIONER'S] CONVICTION FOR ASSAULT WITH INTENT TO COMMIT MURDER AND THEREFORE, [PETITIONER'S] CONVICTIONS VIOLATE HIS RIGHT TO DUE PROCESS AND MUST BE VACATED.

II. [PETITIONER] RECEIVED [THE] INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL (1) FAILED TO REQUEST A LESSER INCLUDED INSTRUCTION ON RECKLESS DISCHARGE OF A FIREARM, OR CARRYING A FIREARM WHILE UNDER INTOXICATION, CAUSING SERIOUS IMPAIRMENT OF A BODY FUNCTION AND (2) ADVISED [PETITIONER] NOT TO TESTIFY IN HIS OWN DEFENSE, CONTRARY TO [PETITIONER'S] RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. US CONST. AM VI, 1963 CONST. ART 1, §17, 20. ALSO THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO SUA SPONTE INSTRUCT THE JURY ON LESSER INCLUDED OFFENSES.

III. THE TRIAL COURT ERRED IN SCORING OV 6, "INTENT TO KILL."

IV. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ORDER AN EVIDENTIARY (*GINTHER*) HEARING AS TO THE ISSUE OF EFFECTIVE ASSISTANCE OF COUNSEL.

(Attach. to Pet., Page ID ##20, 21, 23, 24, 38, docket #1-3.) In an unpublished opinion issued on December 22, 2009, the court of appeals affirmed Petitioner's convictions and sentences. The supreme court denied leave to appeal on April 27, 2010.

On April 27, 2011, Petitioner filed a motion for relief from judgment in the trial court with the following claims:

I. SUFFICIENCY OF THE EVIDENCE.

II. INEFFECTIVE ASSISTANCE OF COUNSEL.

    A. ADVISING NOT TO TESTIFY.

    B. MULTIPLE REFERENCES OF "GUILT" IN CLOSING ARGUMENT.

    C. FAILURE TO CALL ANY WITNESSES ON BEHALF OF DEFENSE.

III. ABUSE OF DISCRETION IN NOT ORDERING AN EVIDENTIARY HEARING.

(Attach. to Pet., Page ID #72, docket #1-3.) It does not appear that the trial court has decided Petitioner's motion.

In his application for habeas corpus relief, Petitioner raises the following grounds:

I. SUFFICIENCY OF THE EVIDENCE.

II. INEFFECTIVE ASSISTANCE OF COUNSEL.

    A. FAILURE TO REQUEST LESSER INCLUDED OFFENSES.

    B. ADVISED PETITIONER NOT TO TESTIFY IN HIS OWN DEFENSE.

    C. MULTIPLE ADMISSIONS OF GUILT IN CLOSING ARGUMENTS WITHOUT [PETITIONER'S] CONSENT.

    D. FAILURE TO CALL ANY WITNESSES FOR DEFENSE.

(Pet., Page ID #12, docket #1-2.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As previously discussed, Petitioner has filed a motion for relief from judgment in Allegan County Circuit Court but the trial court has not yet decided Petitioner's motion.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application.

-4-

Petitioner has filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*, but the trial court has not yet reached a decision on the motion. Depending on the trial court's decision, Petitioner may also appeal the decision to the Michigan Court of Appeals and Michigan Supreme Court. Accordingly, the Court concludes that Petitioner has at least one available state-court remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on April 27, 2010.

Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Tuesday, July 27, 2010. Accordingly, absent tolling, Petitioner would have one year, until July 27, 2011, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). Petitioner has already filed his motion for relief from judgment in the state court, thereby tolling his statute of limitations.[1] Further, Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   5/25/2011          /s/ R. Allan Edgar
                            R. Allan Edgar
                            United States District Judge